BLADEN *v.* RAILROAD.

(*Knoxville.* October 10, 1896.)

MECHANICS' LIEN. *Bookkeeper and cooks for bridge gang entitled to.*

A bookkeeper for a railroad bridge contractor, and the cook and cook's assistants employed by him for the bridge gang, are within the purview of Acts 1891, Ch. 98, giving *inter alia* a prior lien on railroad property to anyone, who performs any valuable service, manual or professional, by which any railroad company receives a benefit.

Act construed: Acts 1891, Ch. 98.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. H. B. LINDSAY, Ch.

TAYLOR & ROBERTS for Bladen.

LUCKY & SANFORD and COMFORT & SPILLMAN for Railroad.

WILKES, J. This bill was filed by a large number of complainants · against the defendant railroad company and its receiver, claiming liens as mechanics and laborers in the erection of a bridge across the Tennessee River at Knoxville for the railroad company. Liens were declared in favor of a

large number of the complainants, but denied as to sixteen of them. These sixteen complainants appealed, and upon a hearing of the matter before the Court of Chancery Appeals the decree of the Chancellor was affirmed as to twelve of them, on the ground of want of notice to the company, as the statute prescribes. Rousseau, one of the complainants, was bookkeeper of the subcontractor, and Mosely, Robinson, and Kyle were cooks and helpers to the main cook of the bridge force. The Court of Chancery Appeals was of opinion that these persons were entitled, under the statute, to liens, and so decreed, and from this holding the receivers of the road have appealed and assigned errors. The sole question presented for this Court is whether the bookkeeper for the contractor and the cook employed by him for the bridge gang, and the cook's assistants, are such persons as are entitled to liens under the Act of 1891, · Ch. 98, p. 215. The Act is entitled, "An Act providing a prior lien and giving greater security to contractors, subcontractors, laborers, material men, engineers, and all other persons rendering valuable and necessary services, professional or otherwise, in the location, construction, repair, and equipment of any railroad in this State, and to amend Ch. 220 of an Act passed March 29, 1883, entitled," etc.

The first section of the Act provides "that hereafter every subcontractor, laborer, material man, or other person who performs any part of the work

in grading any railroad company's roadway, or who constructs or aids in the construction or repairs of its culverts and bridges, or furnishes its cross-ties or masonry, or timbers for the same, which is used in the building and construction of such railroad, its bridges and culverts, or aids in the laying of its track, building of its bridges, the erection of its depots, platforms, wood or water stations, section houses, machine shops, or any other buildings, or for the delivery of material for any of these purposes, or for any engineering or superintendence, or who performs any valuable service, manual or professional, by which any such railroad company receives a benefit, all and every such person or persons shall have a lien on such railroad, its franchises and property, for the value of such work and labor done, or material furnished, or services rendered as herein set out and specified, in as full and ample a manner as is now provided by the law for all persons contracting directly with such railroad company for any such work and labor done or for materials furnished; *Provided*," etc.

It is claimed that bookkeepers and cooks are embraced by the general words in the caption and Act which prescribes that "anyone who performs any valuable service, manual or professional, by which any such railroad company receives a benefit," shall have the lien, etc. The Court of Chancery Appeals find that, in order to keep the men together and get them to work promptly, in such large matters

as bridge building, it is necessary that they be boarded in a camp, and that a company cook and cook's assistants were necessary to do this, and that a bookkeeper was a necessary adjunct to such a large force of men, to keep their time, pay their wages, and attend to shifting the men.

Under the broad provisions of the Act, we are of opinion that the Court of Chancery Appeals is correct in its conclusion that these persons are entitled to their liens. They do perform valuable service, manual and professional, from which the railroad company receives a benefit, and are necessary parts of the bridge force constructing the bridge, and were engaged alone in this work.

The decree of the Court of Chancery Appeals is affirmed.